IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PHYLLIS PADILLA-OWENS,

      Plaintiff,

v.                              No. CIV 02-0448 WPJ/WWD

SANDIA NATIONAL LABORATORIES,

      Defendant.

## ANSWER

For its Answer, Defendant, whose correct name is Sandia Corporation, states:

1.      In answer to Paragraphs 1 and 7 of the Complaint, Defendant admits that Plaintiff has brought this action under the authorities cited but denies that Plaintiff is entitled to any relief thereunder.

2.      Defendant admits the allegations contained in Paragraph 2 of the Complaint on information and belief.

3.      In answer to Paragraph 3 of the Complaint, Defendant denies that it is a New Mexico corporation and affirmatively states that it is a Delaware Corporation whose principal place of business is Albuquerque, New Mexico.

4.      In answer to Paragraph 4 of the Complaint, Defendant admits the allegations contained therein except that Defendant denies that Plaintiff filed an EEOC complaint for discrimination and further denies that the allegations contained in Plaintiff's EEOC complaint had any merit.

5.      In answer to Paragraph 5 of the Complaint, Defendant admits that the EEOC issued a Notice of Right to Sue on February 1, 2002 but is without sufficient

information to form a belief as to the truth of the remaining allegations contained in that Paragraph and therefore denies the same.

6.      Defendant admits the allegations contained in Paragraph 6 of the Complaint on information and belief.

7.      Defendant admits the allegations contained in Paragraph 9 of the Complaint except that it denies that Plaintiff has been employed in the "Corporate Training and Development Department" and affirmatively states that Plaintiff is employed in the Corporation Training, Development and Education Department.

8.      Defendant denies the allegations contained in Paragraphs 10, 11, 12, 13, 14, 18, 26, 27, 28, and 29 of the Complaint.

9.      Defendant admits the allegations contained in Paragraph 15 of the Complaint but affirmatively states that it denies that Plaintiff's complaint to Defendant's Internal Equal Employment Office had any merit.

10.      In answer to Paragraph 16 of the Complaint, Defendant admits that on March 1, 2000 Wells denied Plaintiff's request that Defendant pay her MPI dues; admits that Plaintiff had attended MPI conferences in the past; and denies any allegations inconsistent therewith.  Defendant denies the remaining allegations contained in that Paragraph.

11.      In answer to Paragraph 17 of the Complaint, Defendant states that Plaintiff's performance evaluations speak for themselves, denies any allegations inconsistent therewith, and denies the remaining allegations contained in that Paragraph.

12.     In answer to Paragraph 19 of the Complaint, Defendant admits that, consistent with its practice, its EEO Office did not issue a written report.  Defendant denies the remaining allegations contained in that Paragraph.

13.     In answer to Paragraph 20 of the Complaint, Defendant admits that Plaintiff filed an EEOC Charge in March, 2001 and denies the remaining allegations contained in that Paragraph.

14.     In answer to Paragraph 21 of the Complaint, Defendant admits that Plaintiff's supervisor discussed her "conference" work and its effect on her promotability and denies any allegations inconsistent therewith.  Defendant denies the remaining allegations contained in that Paragraph.

15.     In answer to Paragraph 22 of the Complaint, Defendant admits that Plaintiff's supervisor discussed her educational level and its effect on her promotability and denies any allegations inconsistent therewith.  Defendant denies that other MLS employees in Plaintiff's department were promoted into Senior MLS positions with no more or less formal education that Plaintiff, and denies any remaining allegations contained in that Paragraph.

16.     In answer to Paragraph 23 of the Complaint, Defendant admits that Brewer now holds a senior MLS position and denies the remaining allegations contained in that Paragraph.

17.     In answer to Paragraph 25 of the Complaint, Defendant states that Plaintiff's EEO complaint and EEOC Charge speak for themselves and denies any allegations inconsistent therewith.  Defendant denies the remaining allegations contained in that Paragraph.

3

18.     In answer to Paragraphs 31, 32, 33, 34 of the Complaint and the Complaint's Prayer for Relief, Defendant admits that Plaintiff is seeking the damages itemized but denies that Plaintiff is entitled to the items claimed.

19.     In answer to Paragraphs 8, 24 and 30 of the Complaint, Defendant incorporates its answers contained in the preceding paragraphs herein above.

## FIRST AFFIRMATIVE DEFENSE

If Defendant was negligent, which is specifically denied, any injury to Plaintiff, which is also denied, was caused in whole or in part by the negligence or wrongful conduct of persons or entities other than Defendant, including that of Plaintiff herself, and any liability of Defendant, which is denied, must be reduced *pro rata*.

## SECOND AFFIRMATIVE DEFENSE

Even if the subject incidents occurred as described in the Complaint, and even if Plaintiff suffered some injury, all of which is denied, none of Defendant's actions were the proximate or sole cause of all the injuries and damages alleged.

## THIRD AFFIRMATIVE DEFENSE

Any damages to Plaintiff, which are denied, were caused by an independent intervening cause, barring any recovery against Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Defendant's actions are justified and privileged on the basis of good faith, legitimate business reasons and business necessity.

## FIFTH AFFIRMATIVE DEFENSE

4

Even if any retaliation against Plaintiff occurred as alleged in the Complaint, which is expressly denied, Defendant would have reached the same decisions at issue herein in the absence of such alleged retaliation.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff unreasonably failed to take advantage of the opportunities provided by the Defendant to avoid or correct the claimed harm.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff suffered no compensable damages as the result of any actions by Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, and any liability of Defendant, which is denied, must be reduced or eliminated accordingly.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred by the U.S. and the New Mexico Constitutions.

WHEREFORE, Defendant prays that the Complaint be dismissed with prejudice and that it recover its costs.

KREHBIEL, BANNERMAN & WILLIAMS, P.A.

By
Carol Lisa Smith
Daniel T. Dougherty
6400 Uptown Blvd., NE #200 West
Albuquerque, NM 87110
505/837-1900; fax 505/837-1800

5

Marianne B. Hill, Esquire
Sandia National Laboratories
P.O. Box 5800, MS 0141
Albuquerque, NM  87185-0141
505-844-9444; fax 505-844-2363

I hereby certify that a true and
correct copy of the foregoing
pleading was mailed to counsel
of record this 30th day of May,
2002.

Carol Lisa Smith

6